[Alabama G. S. R. R. Co. v. Foley.]


# Alabama G. S. R. R. Co. v. Foley.

### Injury to Licensee.

(Decided January 20, 1916.    70 South. 726.)

1. **Railroads; Licensee; Invitee; Duty to.**—One who comes upon the premise of a railroad company as a consignee of freight, undertaking to unload and remove it from the car with the express or implied consent of the road, is not a mere licensee, but is one invited upon the premises, and the railroad company is under duty to use due care, such precaution as an ordinary person would observe under the circumstances, to avoid injuring him.

2. **Same.**—A consignee of freight engaged in unloading a railroad car, placed by the road on a sidetrack or housetrack for unloading, is under no duty to keep active lookout for engines or trains, but may rely upon receiving notice from the road of the movement of trains, and the servants of the road must use reasonable diligence to discover the possible presence of such a person so unloading freight before doing any act perilous to his safety; the car being unloaded being a freight house for the time.

3. **Same; Notice.**—Where the servant of the railroad announces the approach of another train on the same track toward a freight car which a consignee is engaged in unloading, in such terms and tones as would be heard and understood by ordinary persons so situated, the servant performs his duty to give reasonable notice.

4. **Same; Jury Question.**—Under the evidence in this case, it was a question for the jury whether the agent or servant of the railroad gave to the consignee unloading the car sufficient notice of the approach of another train on the same track with the car which he was unloading.

5. **Same; Instruction.**—In this case a charge that it was the duty of the road's servants to see that those in the car got knowledge of an approaching train, was inaccurate, as their duty was only to give a reasonable notice in a reasonable way.

6. **Same.**—A charge that a mere announcement that a train was coming, was insufficient unless every one heard it, was also improper as the duty was only to give reasonable notice in a reasonable way.

7. **Principal and Agent; Employment; Scope; Notice to Agent.**—Where plaintiff was in the freight car unloading it, and had hired help standing about the car, notice of an approaching train given by the railroad agent to plaintiff's help was not per se notice to plaintiff, since her servants were not engaged in executing an agency for plaintiff with respect to her personal safety.

8. **Pleadings; Conclusion.**—Where the action was for damages for injury sustained while unloading a car on a side or house track, a plea that it was the consignee's duty to keep a lookout for any trains or engines which might run into the car she was in, and that she negligently failed to keep such a lookout, and to leave the car before the collision complained of, pleaded no facts imposing upon plaintiff the duty of keeping a lookout, and was rested on legal conclusions only, and was, hence, defective.

9. **Evidence; Opinion Evidence.**—Where the action was for injuries to a consignee of freight while unloading a car, it was competent for a witness who was duly qualified by observation and experience, to state that the consignee had no time to leave the car after she received notice of an approaching train before it was pushed upon the track.

10. **Trial; Objection to Evidence; Scope.**—A general objection of incompetency addressed to material evidence does not reach other infirmities.

11. **Evidence; Competency.**—Where the action was by a wife for injuries received, the testimony of the husband that the wife was "no earthly account to me like she used to be," and that he had to help her wash and cook, which he had never had to do before, was not within the issue, and was incompetent; the husband not being a party to the action.

12. **Appeal and Error; Harmless Error; Evidence.**—In an action for injuries to the wife brought by her, the admitted testimony of the husband that since the injury of his wife she was of no earthly account to him as she had been before, and that he had to help her wash and cook, that he had not had to do before the injury, was prejudicial to the substantial rights of defendant.

13. **Railroads; Injury to Invitee; Complaint.**—Where the action was for injuries to a consignee of freight while unloading a car on a sidetrack, caused by another car or train bumping into it, a complaint showing that plaintiff was rightfully in the car, that an engine and cars operated by defendant pushed the car in which plaintiff was unloading freight, violently against another car, and that plaintiff's injuries were proximately caused by reason of defendant's negligence in doing so, sufficiently shows the duty of due care owed the plaintiff by defendant, and charged a negligent breach thereof, although it did not allege that no notice was given plaintiff before the car was moved or jostled.

14. **Same; Burden of Proof.**—In such an action, the burden of proof was on defendant to show that notice of the approach of the train was given consignee before it struck and jostled the car which she was in, such being defensive matter.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Mrs. Beulah Foley against the Alabama Great Southern Railroad Co. From a judgment for plaintiff, defendant appeals, Reversed and remanded.

The only count which was submitted to the jury, and in which plaintiff's case is stated, is count 5 as follows: "Plaintiff claims of defendant the sum of \* \* \* damages, for that heretofore \* \* \* defendant was engaged in the business of operating a railroad in and through the town of Ft. Payne, De Kalb county, Alabama, for the carriage of passengers and freight for hire, and plaintiff was rightfully in a freight car on defendant's side track at Ft. Payne, unloading some household goods that plaintiff had shipped to Ft. Payne in said car over defendant's said

[Alabama G. S. R. R. Co. v. Foley.]

railroad; * * - * that it was customary for freight cars to be loaded or unloaded by patrons of defendant, which said custom was well known at said time by the servants and agents of defendant. And plaintiff avers that, while she was thus engaged in unloading said car, an engine and cars thereto attached, operated by defendant on its said railroad, pushed or backed said car in which plaintiff was unloading freight violently against another car on defendant's said railroad track, thereby knocking plaintiff down. * * * And plaintiff avers that her said injuries were proximately caused by reason of and in consequence of the negligence of defendant, in that it negligently caused said engine and cars to push or back said car in which plaintiff was unloading freight violently against said car on defendant's said track, thereby causing the injuries complained of."

The evidence is without dispute that plaintiff was injured under the circumstances and in the manner alleged in the complaint, but the issue of defendant's negligence in doing the act charged was in dispute. The plaintiff had four wagons and their owners engaged in unloading her furniture from defendant's car, placed by defendants on its house track for that purpose, and defendant's station agent knew that plaintiff and her servants were so engaged. Plaintiff was inside the car, with two of these draymen, pointing out articles of furniture, when an engine and cars came upon the house track, coupled onto the furniture car, and pushed it some distance, until it bumped violently into another car, throwing plaintiff, who was seated in a rocking chair, violently upon the floor of the car. The disputed question of fact is whether defendant's station agent gave to plaintiff proper and sufficient notice of the approach of the engine, and its purpose to move the car, from which she was unloading furniture. The station agent testified that, about five minutes before the engine came in, he went to the door of the car and told them all to get out, that they were coming back in on the switch to move the car, and that he made that statement to all in the car, in a voice loud enough for them to hear it. Two of the wagon drivers outside of the car heard the warning; one of the two inside heard it, and says he informed plaintiff, but in his opinion she did not have time to get out. Plaintiff testified that she did not hear the agent or the driver say anything about it. On this issue the trial judge said to the jury:

[Alabama G. S. R. R. Co. v. Foley.]

"It wasn't the duty of this man Lowry, the depot agent, or any one else, to do more than an ordinarily prudent and careful man would have done under the circumstances surrounding him at that time. It was their duty to give reasonable notice within a reasonable time—to give that notice in order that they could get out with safety to themselves. It would not necessarily be sufficient to give that notice by standing and repeating it somewhere. They must do what a reasonably prudent man should do to any man about the car. Did they have reason to believe that some were in the car, and some out? That this lady was in the car, and some were out? Were the circumstances such as to lead these railroad men to believe some one was in the car? *If that was the situation, then it was their duty to see that those in the car got knowledge. A mere announcement out there that the train was coming would not be sufficient, unless every one heard it.* If they did not, the notice was not sufficient; if they did, the notice would be sufficient, even though Mrs. Foley didn't hear it."

Defendant objected to the italicized sentences separately and severally.

Demurrers were sustained to several pleas of contributory negligence, and were overruled as to plea 6, which, in substance, was that it was plaintiff's duty to keep a lookout for any train or engine which might go on the track and run into the car she was in, and that she negligently failed to keep such a lookout, and negligently failed to leave the car before the collision complained of. The evidence showed that plaintiff kept no lookout for the engine or cars operating about the house track and siding, and defendant requested the affirmative charge under plea 6. The rulings on evidence sufficiently appear from the opinion.

GOODHUE & BRINDLEY, for appellant. HUNT & WOLFES, and STALLINGS, NESMITH, HUNT & JUDGE, for appellee.

SOMERVILLE, J.—(1) "One who comes upon the premises of a railroad company, in the usual course of business with it, for the purpose of loading and unloading, or delivering and receiving freight, is not a mere licensee, but is entitled to the care due one who is invited to come upon the premises of another." —3 Elliott on Railroad, § 1248, p. 581. And when a consignee of freight undertakes to unload and remove it from the car, with

the consent of the carrier, express or implied, it is the duty of the carrier to use due care to avoid injuring. him while so engaged; that is to say, to take such precautions as a man of ordinary prudence would observe under the circumstances.—2 Thomp. on Neg. § 841. See, also, *State, Use of Mummaugh v. Railroad Company*, 98 Md. 125, 56 Atl. 394, 103 Am. St. Rep. 388, 1 Ann. Cas. 598, and note; *S. F.; etc., R. R. Co. v. Ford*, 10 Ariz. 201, 85 Pac. 1072, 1073.

(2) When a car has been placed by the carrier on a side track or a "house track," to be unloaded by the consignee of its freight, the car and its immediate environments thereby become a freight house pro tempore.—*Ladd v. Railroad Co.*, 193 Mass. 359, 79 N. E. 742, 9 L. R. A. (N. S.) 874, 9 Ann. Cas. 988. Manifestly, one who is engaged in unloading such a car is under no duty to keep any active lookout for engines or trains which may enter upon the siding and jostle or move the car, but may rely upon receiving due notice from the carrier's servants of such intended action; and we think a necessary corollary to this proposition is that the carrier's servants must use reasonable diligence to discover the possible presence of any person lawfully on the car for the purposes stated, before doing any act perilous to his safety.

(3) If the car is to be pushed or jostled, it is clear that due care on the part of the carrier demands no less than reasonable notice to the person on the car of such a purpose, in order that he may reasonably withdraw from the car if he chooses to do so. But *notice* in this connection does not necessarily mean *knowledge;* and when the carrier's servant has made the announcement in the presence of the plaintiff in such terms and tones as would be heard and understood by ordinary persons so situated, this would ordinarily be sufficient.

(4-6) The evidence in this case was conflicting, and the sufficiency of the notice given to plaintiff by the depot agent, both as to manner and timeliness, was a question for the jury. The instructions given to the jury for its determination were in accordance with the law as above stated, but the oral charge contains one or two statements which seem to be contradictory of its general tenor, and capable, no doubt, of misleading the jury. It is not accurate to say that it was the duty of defendant's servants to see that those in the car "got knowledge," since their

duty was only to give them reasonable notice in a reasonable way under the circumstances; such notice, in short, as would naturally *result in knowledge.* Nor is it accurate to say as matter of law that "a mere announcement out there that the train was coming would not be sufficient *unless every one heard it."* Its sufficiency, under all the evidence, was for the jury, whether *every one* heard it or not. Although other parts of the oral and written charges stated the law correctly, we can hardly affirm with assurance that the jury must have understood and acted on the law as correctly stated.

(7) Notice to plaintiff's hired men standing about the car was not per se notice to plaintiff, as was properly stated in the oral charge to the jury. These men were mere ministerial servants, and were not engaged in executing an agency for plaintiff with respect to her personal safety while she was in or about the car. Their service was manual labor in the removal of the freight from the car, and this capacity, to receive notice for her, if any they had, was limited to their immediate occupation. —2 Corp. Jur. 865, 866; and cases cited in note 95; *Ala. W. R. R. Co. v. Bush,* 182 Ala. 120, 62 South. 89.

(8) Defendant's plea 6 was defective, in that neither the complaint nor the plea show any facts imposing upon plaintiff the duty of keeping a lookout, while in or about the car, for approaching engines or trains, and hence the whole plea rests upon legal conclusions only. Demurrer to the plea was overruled, however, and defendant requested the general affirmative charge on this plea. It will suffice to say that the evidence did not show that plaintiff *negligently* failed to keep such a lookout, and the charge requested was properly refused.

(9) Assuming that the witness Walls was qualified by due observation and experience (and no objection was made to his answer on that ground), there was no error in allowing him to state that plaintiff did not have time to leave the car after she received notice and before the car was pushed up the track.— *B. R., L. & P. Co. v. Glenn,* 179 Ala. 263, 60 South. 111.

(10) Moreover, the answer was clearly material evidence, and the general objection for incompetency could not reach other infirmities, even had they existed.

(11, 12) Plaintiff's husband, in describing the extent of her injuries, said: "The only thing I know is that *she is no earthly*

[Pullman Co. v. Meyer.]

*account to me like she used to be.* She can't make a fire, bring in a back log! she can't even wash and cook, and *I have to help do that, and I never did have to help do that before.*"

The italicized portions were separately objected to by defendant. They were clear and emphatic declarations of the loss and inconvenience suffered by the husband, were wholly outside the issues, and should have been excluded on defendant's motion. We cannot safely assume that such statements were without prejudice to defendant, and must therefore hold that their admission was reversible error.

(13) Count 5 of the complaint sufficiently shows the duty of due care owed by defendant to plaintiff, and it was enough to charge that that duty was negligently breached by the act alleged, without also alleging that no notice was given to plaintiff before the car was moved and jostled.

(14) This was defensive matter, as to which the burden of proof was upon defendant. For the errors noted, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.