**LOUISVILLE & N. R. CO. v. GLICK.**
(3 Div. 744.)

(Supreme Court of Alabama. Jan. 21, 1926. Rehearing Denied March 25, 1926.)

**1. Railroads ☞275(2)—Carrier under duty to use due care as to one loading freight car.**

Shipper, while in freight car for purpose of loading it, is an invitee, placing on railroad duty of using due care to avoid injuring him while so engaged.

**2. Railroads ☞275(1)—Carrier not negligent as to one loading car, moved before completion of loading.**

Actionable negligence relative to injury sustained by plaintiff while loading car cannot be imputed to railroad because it undertook to move car before loading had been completed.

**3. Negligence ☞121(2).**

Negligence cannot be conclusively assumed from mere fact of accident and injury.

**4. Railroads ☞282(3)—Proof of actionable injury to one loading cars casts burden on carrier to show care to discover presence in car.**

In action for injuries received while loading car for shipment, burden of proof rests on plaintiff, but facts necessary to recovery, having been proved, burden of showing that it exercised due care to discover plaintiff's presence in car was on carrier.

**5. Railroads ☞282(9).**

Whether coupling causing injury to person loading car was unusual or unnecessarily violent *held* for jury.

**6. Railroads ☞275(3).**

Carrier must use due care to learn if invitee is within freight car, and warn him before coupling.

**7. Railroads ☞282(9).**

Whether carrier's employees had knowledge of plaintiff's presence in freight car before making coupling *held* for jury.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action by Leo Glick against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

C. P. McIntyre, of Montgomery, for appellant.

If the evidence relating to any material fact is in conflict, then it is for the jury and not the court to pass upon such evidence. Sou. Ry. v. Crowder, 33 So. 335, 135 Ala. 428; Foxworth v. Brown Bros., 21 So. 413, 114 Ala. 299; M., J. & K. C. R. Co. v. Bromberg, 37 So. 395, 141 Ala. 258; B. R., L. & P. Co. v. Enslen, 39 So. 74, 144 Ala. 343. A verdict plainly produced by passion or prejudice or other improper motive should be set aside. M. L. & T. Co. v. King, 65 So. 998, 187 Ala. 619, L. R. A. 1915F, 491, Ann. Cas. 1916B, 449; Mower v.

Shannon, 59 So. 568, 178 Ala. 469; Ala. F. & I. Co. v. Andrews, 102 So. 799, 212 Ala. 336. The argument objected to was so grossly improper and highly prejudicial that the verdict should have been set aside. Wolffe v. Minnis, 74 Ala. 386; Standridge v. Martin, 84 So. 266, 203 Ala. 486; Metropolitan Co. v. Carter, 102 So. 130, 212 Ala. 212; Watts v. Espy, 101 So. 106, 211 Ala. 502.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

The affirmative charge was properly given for plaintiff. A. G. S. v. Foley, 70 So. 726, 195 Ala. 395; Pittsburgh R. Co. v. Schaub, 124 S. W. 885, 136 Ky. 652, 136 Am. St. Rep. 273, 31 L. R. A. (N. S.) 960, note; 22 R. C. L. 931; 33 Cyc. 811. It was the duty of defendant to give warning to plaintiff. A. G. S. v. Foley, supra. Courts should exercise with great caution the authority to disturb verdicts of juries on the ground of excessiveness. Montgomery T. Co. v. Knabe, 48 So. 501, 158 Ala. 459. There was no error in rulings on objection to argument. N., C. & St. L. v. Crosby, 62 So. 889, 183 Ala. 237; L. & N. v. Holland, 55 So. 1001, 173 Ala. 675; W. R. of A. v. Mays, 72 So. 641, 197 Ala. 367.

SAYRE, J. Defendant set a car upon one of its "team tracks" at Montgomery in order that plaintiff might load it with empty barrels for transport to Birmingham. In the evidence the track in question was variously referred to as "team track," or "bulk track," or "river track"—this last for the reason that it lay next to the river, from which side, sometimes, cars were loaded. Plaintiff was standing upon a barrel inside the car, stacking the barrels, which weighed 85 to 90 pounds each, when defendant's agents in charge of its switching operations jostled, or, as the complaint states it, "ran or caused to be run an engine, train, or car upon or against the car in which plaintiff was," thereby causing him to fall and be injured. All counts charged the occurrence in substantially the language quoted above, and those upon which the case was tried alleged that plaintiff's injury was "negligently" caused. Defendant appeals.

[1] Plaintiff was an invitee, and it was the duty of the defendant to use due care to avoid injuring him while engaged in loading the car; that is to say, to take such precautions as a man of ordinary prudence would observe under the circumstances. A. G. S. v. Foley, 70 So. 726, 195 Ala. 391; Hauenstein v. Conestoga Traction Co., 31 L. R. A. (N. S.) 960, editorial note in which many cases are collected in support of this proposition:

"It is the duty of the carrier to exercise ordinary or reasonable care and diligence, in moving its cars, to prevent injury to owners of freight and their employees and assistants rightfully engaged in loading or unloading cars."

[2-4] Actionable negligence is not to be imputed to defendant by reason of the bare fact that it undertook to move the car before loading had been completed. No doubt that may be frequently necessary in the usual course of railroad business (Lovell v. Railroad, 97 S. W. 193, 121 Mo. App. 471), and all the cases dealing with the subject of the care necessary in such an operation imply that it is not negligence per se. Negligence cannot be conclusively assumed from the mere fact of an accident and an injury. Lawson v. Mobile Electric Co., 85 So. 257, 204 Ala. 318. Upon the whole case, the burden of proof rested upon plaintiff of course; but, other facts necessary to a recovery having been proved, the burden of showing that it exercised due precaution to discover plaintiff's presence in the car at the moment was with defendant—this, because, generally speaking, parties are not required to prove a negative, and because the evidential facts in this case were within the peculiar knowledge of defendant or its agents.

[5] Defendant introduced evidence tending to show that there was nothing unusual or unnecessarily violent in defendant's effort to couple the cars. As to that, the evidence admitted an inference to the contrary, it is true; but we apprehend it will not be denied that it was for the jury to say upon the whole evidence whether the coupling was made with unusual or unnecessary violence; that is, negligently in that respect.

[6, 7] But a coupling of freight cars, though made with ordinary care, may involve an element of danger to a person on his feet in the car to be coupled, and out of this consideration arises the duty on the part of the carrier to exercise due and reasonable care to learn whether an invitee may at the moment be in the car, and to give warning to the end that he may take heed for himself. The testimony of defendant's witnesses, including its switch foreman in charge of switching operations, was that they had no knowledge of plaintiff's presence in the car. Nevertheless it was their duty to exercise care to ascertain whether plaintiff was in the car. They testify that they looked along both sides of the car and saw no person or vehicle near it. In view of these circumstances, that plaintiff was invited upon the car to load barrels, empty but heavy, and that defendant's employees—if they are to be believed—looked, but saw on the outside no evidence of the movement of barrels to the car, no indication that barrels were being loaded upon the car, our judgment is that the issue of due care in the matter of ascertaining plaintiff's presence was one for jury decision, as questions of negligence commonly are. This conclusion is sustained by the reasoning of the decision in Lovell v. Railroad, supra. Nor have we seen anything to the contrary. Nothing to the contrary was said in A. G. S. v. Foley, supra. In that case it was an undisputed fact that the employees of the railroad had actual

knowledge of plaintiff's presence in the car, and there was hence no question as to whether, or by reason of what facts, knowledge was to be imputed to them. It was for the jury, not the court, to draw the inference necessary for plaintiff's recovery, and the general affirmative charge for plaintiff was erroneously given. Foxworth v. Brown, 21 So. 413, 114 Ala. 303.

Addressing the jury, plaintiff's attorney said:

"In assessing damages, gentlemen of the jury, you must bear in mind that this court and the Supreme Court each have the power under the law to cut down or reduce your verdict if they think your verdict is unreasonably excessive, but that neither this court nor the Supreme Court has the power to add to your verdict if they think your verdict is unreasonably small."

Upon defendant's objection, plaintiff's attorney withdrew the remark, and the court instructed the jury that it was not to be considered in making up their verdict. Nevertheless defendant reserved an exception, and the point was again raised on the motion for a new trial, alleging that the damages assessed were excessive. This part of the argument for plaintiff carried a suggestion peculiarly capable of abuse in the jury room. Necessarily the suggestion was that the jury need not hesitate to assess damages in a large amount, for, if they blundered in that direction, no harm would result, since the court would reduce the assessment. It might have been well, in the circumstances, to instruct the jury that the court could interfere only in case their assessment was so excessive as to give evidence of bias, prejudice, or passion, or else might be referred to a wholly mistaken estimate of the proprieties of the occasion. In no event would the court reduce damages below a reasonable maximum, whereas it was the duty of the jury, in the event of a finding for plaintiff, not to exaggerate their assessment to the utmost they might expect the court, deferring greatly to their judgment, to lend its reluctant approval. Of course damages are to be assessed with an eye single to plaintiff's fair compensation, without reference to what the court may afterwards do. It is seriously doubted that the correction was adequate to the occasion. At least it is clear that the argument in question, or something else to which the record affords no clue, did influence the jury to an excessive assessment, for the trial court required plaintiff to remit $2,000 of the damages assessed, and yet this left the plaintiff with a judgment we would hesitate to approve. However, since we have ordered a reversal on another point, and this ground of complaint may not be expected to recur, it is not deemed necessary to say whether a judgment of reversal would be based upon this point alone. What we have said will be found to have some application to the other

exception to plaintiff's argument, though that part of it was much less insinuatingly objectionable.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.