## McCLUSKY v. DUNCAN. (7 Div. 666.)

Supreme Court of Alabama. April 28, 1927.

Rehearing Denied June 15, 1927.

1. **Electricity** ⬉19(5)—**Evidence held to show storekeeper was not negligent in not discovering toilet light was not burning when customer, coming in contact with uninsulated wire, entered toilet.**

In action for injuries to store customer, forcefully jerking hand down on receiving slight shock by contact with uninsulated wire in reaching up to turn on toilet light, undisputed evidence *held* to show that neither defendant storekeeper nor any employee had reason to believe that light was not burning as usual when customer entered toilet or was negligent in failing to discover such fact.

2. **Negligence** ⬉32(2)—**Customer using toilet held "invitee," to whom storekeeper owed duty to use ordinary care.**

Customer using toilet, maintained for accommodation of defendant storekeeper's customers, was invitee, as to whom defendant was not insurer against accident, but owed duty to take such precautions to avoid injuring her as man of ordinary prudence would observe under circumstances.

3. **Negligence** ⬉121(2)—**Negligence cannot be conclusively assumed from fact of accident and injury.**

Negligence is not to be conclusively assumed from the mere fact of an accident and injury.

4. **Negligence** ⬉3—**Care required is commensurate with danger.**

Duty of care is commensurate with the danger.

5. **Electricity** ⬉16(1)—**That customer would attempt to turn toilet light on in improper manner held not to be reasonably anticipated by storekeeper.**

That light in store toilet would be out when customer entered, and that she would attempt to turn it on in improper manner, thereby bringing hand in contact with small uninsulated portion of wire, *held* not reasonably to be anticipated, so as to render storekeeper liable for resulting injuries.

6. **Electricity** ⬉16(1)—**Storekeeper held not liable for injuries to customer trying to turn on toilet light by thumb screw not provided.**

Storekeeper *held* not liable for injuries to customer, trying to turn on toilet light by thumb screw not provided, on theory that toilet was not in reasonably safe condition, where there was sufficient light for customer to see bulb.

7. **Evidence** ⬉265(2)—**Defendant's acknowledgment of fault would not establish cause of action, in absence of actionable negligence as matter of law.**

Defendant's acknowledgment of fault, when approached by plaintiff after accident, would not suffice to establish cause of action, if there was no actionable negligence as matter of law, but

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

would be attributable merely to erroneous conclusion.

**8. Negligence ⊜110—Plaintiff injured must aver defendant's duty and breach thereof.**

In personal injury suit, it is incumbent on plaintiff to show, by appropriate averments, that defendant owed him a duty, and that was a breach thereof.

**9. Negligence ⊜113(1) — Plaintiff injured must aver facts showing defendant's duty and relieving plaintiff from imputation of wrongdoing.**

In personal injury suit, plaintiff must aver facts showing duty owed by defendant to plaintiff and relieving latter from any imputation that he was wrongdoer.

**10. Appeal and error ⊜1040(4)—Error as to particular count of complaint is without injury, where plaintiff had full benefit thereof in remaining counts, without additional burden of proof.**

Error as to any particular count of complaint in personal injury ·suit is without injury, where plaintiff had full benefit thereof in remaining counts, without additional burden of proof imposed.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action by Cora McClusky, by her next friend, G. B. McClusky, against Frank Duncan. From a judgment for defendant, plaintiff appeals. Affirmed.

E. O. McCord & Son, of Gadsden, for appellant.

It was the duty of the proprietor of the store to have his light appliances in proper shape in all the places where those invited to trade might have occasion to go while in the store on business. Negligence need not be particularized, but very simple averments are sufficient in charging simple negligence. West. Ry. of Ala. v. Madison, 16 Ala. App. 588, 80 So. 162; Birmingham, E. & B. R. Co. v. Stagg, 196 Ala. 612, 72 So. 164; Hill Gro. Co. v. Hameker, 18. Ala. App. 84, 89 So. 850; Ala., S. & W. Co. v. Clements, 146 Ala. 259, 40 So. 974; Hertz v. Advertiser Co., 201 Ala. 416, 78 So. 794, L. R. A. 1918F, 137. Where there is any evidence tending to establish the plaintiff's case, it is error to give the affirmative charge for the defendant. McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

W. J. Boykin and O. R. Hood, both of Gadsden, for appellee.

Counsel discuss the questions raised and treated, but without citing authorities.

GARDNER, J. Suit for damages by appellant against appellee, for injuries alleged to have been received while in defendant's storehouse in Gadsden. The cause was tried upon issue joined on counts 7, 8, 10, and 11, and at the conclusion of the evidence the court gave, at defendant's written request, the affirmative charge in his favor.

[1] In the storehouse of the defendant was a toilet for the use of the customers. Plaintiff's insistence is that, as a customer in the store on the morning of August 1, 1925, she went into the toilet, which had one window and was equipped with an electric light, and while reaching up to turn on this light her hand came in contact with an uninsulated wire, producing sufficient shock to cause her to involuntarily jerk her hand down with such force as to injure the muscles of her shoulder and cause deformity, though she felt no pain at the time and did not burn her hand. Plaintiff was 19 years of age, and had previously been in this toilet. The light in the toilet was a ceiling light, the socket being fastened to two plates of white procelain nailed to the ceiling, and the bulb screwed into this socket. The wires (which plaintiff insists were in part uninsulated) ran along and were nailed to the ceiling, being connected with the socket. There was no thumb screw to the light, and there is of course no contention that this ceiling light should have a thumb screw. It was controlled by a switch on the stairway, a short distance from the toilet. Of course the light could have been extinguished by unscrewing the bulb, and, if so extinguished, could be again lighted by screwing the bulb in the socket.

Plaintiff states that on both her previous and subsequent visits to the toilet she found the light burning. The light was an ordinary incandescent one of about 40 or 50 watts. There was "no change in the wiring nor the lighting itself nor the bulb" since the occasion complained of, and a few days thereafter defendant went to the toilet with plaintiff and demonstrated turning on the light by merely screwing the bulb. There was no evidence from which it could be reasonably inferred that the lamp or bulb was defective, and, if not burning on this occasion, the only reasonable conclusion follows that it was the result of some one unscrewing the bulb. A number of other lights in the vicinity of the toilet were controlled by the same switch outside the toilet, and these lights, including that of the toilet, customarily burned constantly during the business hours of the day; one employee who had been working at ·the store since 1917 stating she had found the bulb unscrewed only a very few times. If on this occasion the light was not burning and the bulb unscrewed, defendant is not shown to have had any notice or knowledge thereof, and the store manager insists he received no such notice or report.

From the undisputed proof, therefore, it appears that neither defendant nor any employee had reason to believe the light was not burning as usual on this occasion or was neg-

ligent in failing to discover it was not burning, if such was the case.

Though plaintiff states the toilet was dark on the morning of her visit, she testifies there was sufficient light for her to see the electric bulb. The ceiling was not high, and the bulb was well within reach. She did not take hold of the bulb, however, but touched one of the wires along the ceiling leading to the bulb. Testifying as to this question, plaintiff said:

"I think the bulb hangs down from the ceiling about six inches, I reached up beyond it, and got hold of the wires up there, and there wasn't anything to turn it on with."

It appears, therefore, that plaintiff, unfamiliar with such a ceiling light, attempted to turn it on in an improper manner.

[2-4] The toilet was for the accommodation of defendant's customers, and plaintiff was an invitee. As such, defendant was not an insurer against accident, but it was the duty of defendant to use due care to avoid injuring her—to take such precautions as a man of ordinary prudence would observe under the circumstances. L. & N. R. R. Co. v. Glick, 214 Ala. 303, 107 So. 453. See, also, Birmingham Amusement Co. v. Norris (Ala. Sup.) 112 So. 633.[1] Nor is negligence to be conclusively assumed from the mere fact of an accident and injury. L. & N. R. R. Co. v. Glick, supra; Lawson v. Mobile Elec. Co., 204 Ala. 318, 85 So. 257. The duty of care is commensurate with the danger. Wright v. Richards, 214 Ala. 678, 108 So. 610; 20 C. J. 341. "The current supplied for the lighting of incandescent lights is, under ordinary circumstances, of low voltage and comparatively harmless, but many cases have arisen where a person touching or attempting to turn on such a light has received an injurious shock. The accident may be the result of different causes." Curtis on Elec. p. 608.

[5] In the instant case it appears the small insulated portion of this wire fastened to the ceiling was "comparatively harmless," as in contact with plaintiff's hand it caused no pain or burn, or serious consequence, but only caused her to jerk her hand back with much force. In Curtis on the Law of Electricity, supra, p. 655, is the following:

"Negligence renders the guilty person or corporation liable only for such injuries as may be naturally anticipated from the failure to exercise the proper degree of care."

Considering the case in hand, the unscrewing of the bulb in the toilet was a matter of but a moment of time, and nothing to indicate that any one connected with defendant's business had any connection therewith, or knowledge thereof, or for what length of time the light had been out. It was a ceiling light to be turned off either by the switch or by unscrewing the bulb and no thumb screw was attached or intended for such purpose.

We are of the opinion, therefore, that it was not to be reasonably anticipated by defendant, under the circumstances here shown, that the light would be out in the toilet, and that, if so, a customer of the store would attempt to turn on the light in an improper manner by thumb screw, when no such method was provided or intended for such ceiling light, and that in so doing the hand would come in contact with the wire, a small portion of which—about an inch from the socket—was uninsulated. The danger, as here disclosed, was not great, and to hold otherwise, under the facts here disclosed, would be to require constant vigil on defendant's part to see that no one unscrewed the light, and very close inspection of the ceiling wire to detect any very small insulation to guard against some one attempting to turn the light on in any improper manner in the event it so happened another had unscrewed the light. It would be to make of the defendant an insurer and not one merely liable for actionable negligence. We therefore adhere to the view that the trial court was justified in giving for defendant the affirmative charge as requested.

We have examined the authorities cited by appellee upon a reconsideration of the cause (among them Vaughn v. Dwight Mfg. Co., 206 Ala. 552, 91 So. 77, L. & N. R. R. Co. v. Jenkins, 196 Ala. 136, 72 So. 68, Penticost v. Massey, 202 Ala. 681, 81 So. 637, and Briggs v. Birmingham Ry. Co., 188 Ala. 262, 66 So. 95), but we do not find that they militate against the conclusion here reached.

[6] There is very clearly nothing in the case tending to establish that there was any "trap or pitfall" on the premises (Hertz v. Advertiser Co., 201 Ala. 416, 78 So. 794, L. R. A. 1918F, 137) and, indeed, counsel for appellant do not so insist. The insistence is that one who expressly or impliedly invites another upon his premises assumes the obligation that such premises are in a reasonably safe condition, citing Ala. S. & W. Co. v. Clements, 146 Ala. 259, 40 So. 971.

There is nothing in the evidence tending to show this toilet was not in a reasonably safe condition, and clearly only a proper use of the light was to be anticipated. The darkness of the toilet, referred to in count 7 and in the evidence, is referable to the attempt of plaintiff to turn on the light, and not as the proximate cause of the alleged injury, but only remotely connected therewith. As previously noted, there was sufficient light by which plaintiff could and did see the bulb and made an effort to turn on the light in an improper manner.

[7] Some stress is laid upon the evidence to the effect that defendant, when approached by plaintiff in reference to the matter, acknowledged fault in that the light should have been burning. But, if there was no actionable negligence as a matter of law, such expression on his part would not suffice to es-

[1] Ante, p. 138.

tablish a cause of action, but would be attributable merely to an erroneous conclusion.

[8, 9] Defendant's demurrers were sustained to some of plaintiff's counts. In cases of this character it is of course incumbent upon plaintiff by appropriate averments to show that the defendant owed him a duty, and the breach thereof. Facts must be stated from which the law raises the duty so owed by defendant to plaintiff, and must relieve plaintiff from any imputation that he was at the time a wrongdoer. West. Ry. Co. v. Madison, 16 Ala. App. 588, 80 So. 162.

[10] We do not consider it necessary to treat each count in detail, and our conclusion thereon, as we are persuaded the plaintiff had the full benefit of these counts in those left in the case, and with no additional burden of proof imposed. Under these circumstances, if error should be conceded (without deciding) as to any particular count, it was without injury.

We find no reversible error, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.

