## BRIGGS v. MOORE.

1. An attorney's fee for services rendered, is a good set off, though the amount of the fee had not been liquidated, between the attorney and his client.

2. An indorser is not a competent witness for his indorsee, in a suit by him against the maker, unless it be shown, that by a release, by negligence, or in some other mode, his liability as indorser has been discharged.

Writ of Error to the Circuit Court of Tuscaloosa.   Before the Hon. T. A. Walker.

THE plaintiff in error declared in assumpsit, against the defentant, on a promissory note made by defendant in error, for $125, payable to Thomas B. Favor, and by him indorsed to the plaintiff.   The defence relied on was a set off of a

demand due from the payee, Thomas Favor, to the defend-
ant, as an attorney, for attending to two suits against Favor
by the Bank.   No stipulated sum was agreed to be paid, but
it was shown that the services rendered were worth fifty-
five dollars.   The plaintiff requested the court to charge the
jury, that the demand of the defendant against the payee,
was in the nature of unliquidated damages, and as such was
not a set off in this suit, which was refused, and the plaintiff
excepted.

The plaintiff also offered in evidence the deposition of
Favor, the payee of the note, who had indorsed it to plain-
tiff.   His testimony was objected to on the ground of inter-
est, and the objection was sustained. · The ruling of the
court is here assigned as error.

PORTER & BRODIE, for plaintiff.
MOORE, contra.

DARGAN, J.—The proper subject of a set-off, is a debt.
The language of the statute is, "In all cases where there
shall be mutual debts, &c. one debt may be set against the
other, either by being pleaded in bar, or given in evidence
under the general issue, on notice given of the particular sum
intended to be set off, and on what account the same is due,
notwithstanding said debts may be deemed in law of differ-
ent natures."   Although unliquidated damages cannot be
said to be a debt, and cannot under this act be the subject of
an off-set, yet where the demand is of such a nature, that
*indebitatus assumpsit* will lie to recover it, as for goods sold,
work and labor done, &c. it may be pleaded as a set-off.
The Ex'rs of McNeil v. The Administrators of Pollard, de-
cided at the last term; 8 Miss. Rep. 309.   Such a demand,
although the amount must be ascertained by a jury, is a debt
within the intent and meaning of the act.

It is too clear to admit of argument, that an indorser, who
is liable to his indorsee for the payment of the note, is an in-
competent witness, when called by the indorsee to show the
liability of the maker on the note.   5 Whar. Rep. 338; 5
Wend. 181, 665; 8 Watts, 304; 9 Id. 179.

But it is said, as the note was not sued to the first court to which suit could have been brought after the note fell due, we are bound to presume the indorsee is discharged, and therefore, that he was a competent witness. It was not shown when the indorsement was made, nor whether he had been discharged or not. The presumption is, from seeing his indorsement, that he is an interested witness; if he has been discharged by release, negligence, or otherwise, the plaintiff in error should have shown it.

There is no error in the charge of the court, nor in rejecting the testimony of the witness Favor.

The judgment of the circuit court is therefore affirmed.