(102 So. 629)

**BUSH v. BUMGARDNER.   (6 Div. 275.)**

(Supreme Court of Alabama.   Jan. 15, 1925. Rehearing Denied Jan. 28, 1925.)

1. Attorney and client ⬅⬞126(2)—Plea of set-off available to attorney in client's summary proceeding.

In .summary proceeding against attorney under Code 1923, §§ 10267, 10268, for money collected by attorney, plea of set-off is available to attorney.

2. Attorney and client ⬅⬞126(2)—Plea of payment and satisfaction available under general issue to attorney in client's summary proceeding.

Plea of payment and satisfaction is available to attorney under general issue in summary proceeding by client against attorney.

3. Attorney and client ⬅⬞126(2)—In summary proceeding against attorney, technical precision and accuracy in pleading not required.

In summary proceeding against attorney under Code 1923, §§ 10267, 10268, technical precision and accuracy in pleading is not required.

4. Attorney and client. ⬅⬞126(2)—Evidence held to warrant finding attorney owed client nothing on account of money collected.

Evidence *held* to warrant finding that attorney owed client nothing on account of money collected by attorney on mortgages belonging to client.

5. Witnesses ⬅⬞150(1)—Attorney held competent to testify as to transaction with decedent whose interest in mortgage in controversy had been purchased by plaintiff.

Defendant attorney was not disqualified from testifying under Code 1923, § 7721, in regard to transaction with decedent whose joint interest with plaintiff in mortgage involved had been purchased by plaintiff.

6. Attorney and client ⬅⬞126(2)—Attorney held properly permitted to show legal services rendered to decedent and their value.

In summary proceeding against attorney under Code 1923, §§ 10267, 10268, attorney was properly permitted to show legal services rendered decedent and to prove reasonable value thereof.

7. Appeal and error ⬅⬞736—If any one of assignments of error treated in bulk without merit, consideration of other pretermitted.

If any one of assignments of error treated in bulk as though presenting but single question is without merit, consideration of others may be pretermitted.

8. Attorney and client ⬅⬞126(2)—Attorney held properly permitted to testify as to nature of transaction with client.

In summary proceedings against attorney under Code 1923, §§ 10267, 10268, to recover money collected by attorney, *held*, that attorney was properly permitted to testify that certain mortgage was not included in item paid to plaintiff, and that stated balance included interest up to time of partial settlement.

9. Attorney and client ⬅⬞140—Instruction that legal services rendered on request entitled attorney to reasonable compensation held not erroneous.

It was not error to charge that, where legal services are rendered for another at his request and no agreement as to amount to be charged therefor was made, attorney is entitled to reasonable compensation.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

---

⬅⬞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Motion by W. D. Bush for summary judgment against George H. Bumgardner. Judgment for defendant, and plaintiff appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

The defenses set up by pleas 4 and 5 were not available in this case. MacDonald v. State, 143 Ala. 107, 39 So. 257; Code 1923, § 10268. It was not permissible for defendant to testify as to transactions with Thomas, deceased. Code 1923, § 7719; Manegold v. Mass. L. Co., 131 Ala. 183, 31 So. 86; Adler v. Pin, 80 Ala. 353; Wood v. Brewer, 73 Ala. 262.

Huey & Welch, of Bessemer, for appellee.

A plea of set-off is available to defendant in a case of this kind. White v. Ward, 157 Ala. 345, 47 So. 166, 18 L. R. A. (N. S.) 568. Technical accuracy in pleading is not necessary. Lyon v. State Bank, 1 Stew. 442; Walker v. Chapman, 22 Ala. 116; Timberlake v. Brewer, 59 Ala. 108; Higdon v. Fields, 6 Ala. App. 281, 60 So. 594; 25 Cyc. 1054; 37 Cyc. 528. An attorney's fee is available as a set-off in an action by the client against the attorney. Briggs v. Moore, 14 Ala. 433; Sledge v. Swift, Murphy & Co., 53 Ala. 110. Appellee was not estopped from testifying as to a transaction with the deceased partner of appellant. Howle v. Edwards, 97 Ala. 649, 11 So. 748; Phillips v. Morris, 169 Ala. 460, 53 So. 1001; Manegold v. M. L. I. Co., 131 Ala. 180, 31 So. 86. Appellee's defense being available under other pleas, error, if any, in overruling demurrer to pleas 4 and 5 was without injury. G. L. v. Goodwin, 204 Ala. 213, 85 So. 553.

GARDNER, J. This is a summary proceeding by appellant against appellee for judgment for money recovered by appellee as an attorney at law. Sections 10267, 10268, Code 1923. The cause was originally filed in the name of appellant and one E. D. Thomas. During the progress of the cause, however, there was an amendment to the motion, striking E. D. Thomas as a party, and the cause proceeded in the name of appellant alone against the appellee. The issues presented by the pleading were submitted for the consideration of the jury, resulting in a verdict in favor of the defendant, from which the movant has prosecuted this appeal.

The defendant, in addition to the general issue, interposed the plea of set-off, and there was also judgment in his favor on this plea.

[1] It is insisted that a plea of set-off was not available to the defendant in this action. Such was the former holding of this court, as found in Macdonald v. State, 143 Ala. 101, 39 So. 257. However, in White v. Ward, 157 Ala. 345, 47 So. 166, 18 L. R. A. (N. S.) 568, the Macdonald Case was overruled, and it was held that in proceedings of this character every defense is open to the attorney which would be open to him in the equitable action of assumpsit against him. Under this authority, therefore, the plea of set-off was available to the defendant.

[2] Plea 5 in effect sets up payment and satisfaction, and, indeed, in proceedings of this character, would doubtless have been available under the general issue.

[3] Whether under the strict rule of pleading the plea of set-off (plea No. 4) was entirely free from defect need not be considered, as it is well established by our decisions that in proceedings of this character technical precision and accuracy in pleading is not required. As said in Walker v. Chapman, 22 Ala. 116, the object of such statutory proceeding "was in some measure to divest the proceedings of the forms and technicalities which incumber the common-law action, and to substitute in its place a less formal, as well as more expeditious remedy." See, also, Timberlake v. Brewer, 59 Ala. 108; Lyon v. State Bank, 1 Stew. 442; Higdon v. Fields, 6 Ala. App. 281, 60 So. 594; 37 Cyc. 530. There was no error in overruling demurrers to pleas 4 and 5.

[4] Appellee as an attorney was given for collection two mortgages against one King. One of these mortgages was the property of W. D. Bush, the appellant, while the other was the joint property of W. D. Bush and E. D. Thomas. As very clearly appears from the proof, the first mortgage to W. D. Bush alone was satisfied by the said Bush taking over the property therein embraced at a time when the parties had what is referred to as a partial settlement, in August, 1921. In this partial settlement, which was reduced to writing and subscribed by all three of the parties, the balance due upon the mortgage jointly owned by Bush and Thomas is stated, as well as the agreement on the part of the mortgagor to make a cash payment of $100 and another payment of $100 the next succeeding month.

It is very evident that the payments upon this mortgage made to Bush and Thomas constitute appellant's complaint. Defendant testified as to various amounts collected by him, and which he either paid directly to the appellant or deposited to his credit in the bank. A detailed discussion of the evidence and a review of these payments, with the amount thereof, would serve no useful purpose. It further appears from the evidence that E. D. Thomas had been for a number of years a client of the defendant, for whom defendant had rendered considerable legal services, an enumeration of which is unnecessary. The defendant testified that during the progress of these collections, he informed appellant that Thomas was largely indebted for services rendered,

as well as personal expenses incurred, and that when he had received his share of the proceeds of this mortgage, jointly owned by appellant and Thomas, he (defendant) was permitted to retain other collections as payment on the indebtedness due by Thomas, and that appellant and Thomas agreed to this. Defendant's evidence further tends to show that he had paid to appellant a sum largely in excess of his one-half interest in this mortgage owned jointly by himself and Thomas, and that the remainder of the collections were no more than sufficient to satisfy his demand against Thomas.

[5] E. D. Thomas had in the meantime died, and his widow was appointed executrix. Appellant purchased from the executrix the interest of Thomas in this mortgage. E. D. Thomas was not a party to this cause, nor was his estate interested in the result thereof. We are therefore of the opinion that the defendant was not disqualified from testifying in regard to this transaction by virtue of any provision of section 7721, Code 1923. Phillips v. Morris, 169 Ala. 460, 53 So. 1001; Morris v. Birmingham Nat. Bank, 93 Ala. 511, 9 So. 606.

[6] In order to show that the remainder of the collection of this mortgage was properly applied in payment of the indebtedness of Thomas to the defendant, the defendant was properly permitted to show the legal services rendered, and prove by competent witnesses the reasonable value thereof. If the defendant's version of this transaction is to be accepted, very clearly the jury were authorized to find that he was due nothing to the movant on account of these transactions.

The defendant also offered proof of the legal services rendered to the appellant, for which he had received no compensation, together with evidence of the reasonable value thereof. The amount proven for these services was sufficient upon which the jury might base the verdict for the defendant on a plea of set-off, as found in his behalf. Briggs v. Moore, 14 Ala. 433; Sledge v. Swift, 53 Ala. 110.

[7] There are here presented for consideration 157 assignments of error. In brief of appellant's counsel, the vast majority of these assignments are treated in bulk, as if presenting a single question, though in fact presenting various objections to various questions, as well as to the giving and refusing of separate charges. Under these circumstances, therefore, it is a well-settled rule that under such treatment of assignments of error in brief, if any one of the assignments is without merit a consideration of the others may be pretermitted. Alabama Co. v. Norwood, 211 Ala. 385, 100 So. 479; City of Montgomery v. Moon, 208 Ala. 472, 94 So. 337. We will therefore proceed to a consideration of the assignments as treated in brief of counsel for the appellant.

We have heretofore ruled upon assignments 1 and 2, relating to the action of the court in overruling demurrers to pleas 4 and 5, and these need no further comment.

Assignments 3 to 4, inclusive, are argued in bulk, and relate to objections to separate matters of evidence. It will suffice to say that the sixth assignment was clearly without merit, as the question constituting this assignment of error called for hearsay evidence.

Many of the matters presented under the assignments 15 to 36, inclusive, related to matters of proof on behalf of the defendant as to legal services rendered to E. D. Thomas in defense of his son for murder, and were clearly proper. Some of the matters presented in assignments 37 to 40 were of like character, and need no further comment. Assignments 41 to 65 are also argued in bulk.

Assignments 41 to 50, inclusive, related to objections to the testimony of an attorney, witness for the defendant, to the effect that the defendant had represented the son of E. D. Thomas in divorce proceedings at the request of said E. D. Thomas. This proof was proper.

Assignments 65 to 68 relate to objections to evidence of an attorney testifying in behalf of the defendant as to reasonable charges for the defense in the murder case, and were properly overruled.

Assignments 69 to 75 have reference to evidence offered by the defendant showing services rendered in securing a pardon for the son of E. D. Thomas, and present no error.

So, also, it was permissible for defendant to show the legal services rendered for E. D. Thomas as to an abstract of title for certain realty; proof being offered by the showing for the absent witness Davis, and assignment of error 76 is without merit. The greater portion of assignments 78 to 119, relate to testimony of the defendant as to the amount and character of the legal services rendered E. D. Thomas, and for which he had not been paid. What we have previously said herein suffices also for these assignments.

[8] There was no error in permitting the defendant to state that in the item paid to appellant the individual mortgage of King to appellant was not included, and it was also proper to permit the defendant to state that the balance of $996 included the interest up to the time of the partial settlement. No error is shown therefore in assignments 120 to 122.

The larger portion of assignments of error embraced in 123 to 136, argued together, relate to the evidence of an attorney as to the proper and reasonable charge for services rendered by the defendant, which assignments are without merit.

What is said in brief as to assignments

138 to 141 can hardly be held to amount to an argument; but whether so or not, the relevancy as to who owned the property before its sale to the mortgagor King is not made to appear, and we see no error in the action of the court in sustaining the objection thereto.

[9] Assignments 142 to 145 are likewise argued together as presenting one single question. Each of these assignments relate to different portions of the oral charge of the court. Assignments 144 and 145 relate to exceptions to that portion of the oral charge wherein the court, in substance, instructed the jury that where legal services were rendered for another at his request, and no agreement as to the amount to be charged therefor, then the attorney would be entitled to reasonable compensation. This was, of course, unobjectionable. The exceptions presented in the other assignments may be pretermitted under the rule previously announced.

Assignment 146 relates to the refusal of the affirmative charge asked by the plaintiff, and what we have herein said suffices as an answer to that insistence, and disposes of the assignments of error 146 to 150.

Assignments 151 to 157 are also treated in brief of counsel in bulk. They relate to the action of the court in giving charges 1 to 7 for the defendant. Charges 1 to 5, given for the defendant, were in effect only instructions to the jury that the plea of set-off was proper and available to the defendant in this cause, which was in accord with what we have herein previously stated.

Finding no reversible error in the record, the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and MILLER, JJ., concur.