(115 So. 77)

**WELLS CO. v. LANE.** (6 Div. 915.)

Supreme Court of Alabama. April 28, 1927.

Rehearing Denied June 21, 1927.

**1. Judgment ⊜725(5)—Judgment in garnishment for full amount sued for, subsequently paid, conclusively settled question of indebtedness.**

Where judgment for plaintiff was rendered in garnishment proceeding for full amount sued for, and defendant thereafter paid judgment and costs into court by counsel, question of indebtedness was therefore not only admitted, but conclusively settled, by judgment rendered.

**2. Malicious prosecution ⊜58(1)—Letter by defendant's counsel before garnishment, stating defendant would pay amount, if plaintiff could establish it, held incompetent, in malicious prosecution action (Code 1923, §§ 8052–8054).**

Admitting, in action for malicious prosecution, letter by counsel for defendant to plaintiff, stating that defendant was willing to pay sum owing, if they could establish it in court, held erroneous, in that issuance of garnishment in aid of pending suit was expressly authorized by Code 1923, §§ 8052–8054, and mere fact that defendant had stated that he would pay judgment, if it was recovered, tended to prove nothing of material importance in the action.

**3. Appeal and error ⊜758(3)—Rule that, if any assignments of error in bulk are without merit, others will not be considered, held inapplicable to assignments in brief.**

Rule to effect that, if any of assignments of error in bulk are without merit, consideration of others will be pretermitted, held inapplicable to assignments in brief.

Certiorari to Court of Appeals.

Action for malicious prosecution by Hubert Lane against the Wells Company. Judgment for plaintiff (115 So. 74), and defendant brings certiorari. Reversed and remanded.

See, also, post, p. 12, 115 So. 79.

J. B. Ivey, of Birmingham, for appellant.

In order for plaintiff to recover, the defendant's act in prosecuting the garnishment must have been wrongful, malicious, and without probable cause. Brown v. Master, 104 Ala. 463, 16 So. 443; McCarty v. Williams, 212 Ala. 232, 102 So. 133; McLeod v. McLeod, 73 Ala. 42; Benson v. McCoy, 36 Ala. 710; Ewing v. Sanford, 21 Ala. 157. Assignments 2 and 3 should have been treated by the Court of Appeals. Bush v. Bumgardner, 212 Ala.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

456, 102 So. 629. The judgment obtained by defendant against plaintiff was conclusive of probable cause for the garnishment. Jones v. Kirksey, 10 Ala. 839.

David J. Davis, of Birmingham, for appellee.

Where several assignments of error are argued in bulk, as if presenting one assignment of error, and any one of said assignments is untenable, then the others will not be considered by the appellate court. Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So. 366; Malone v. Reynolds, 213 Ala. 681, 105 So. 891; Bush v. Bumgardner, 212 Ala. 456, 102 So. 631. The fact that a debt existed is no 'defense to the wrongful issuing of the ,writ of garnishment. Mobile F. C. Co. v. Little, 108 Ala. 399, 19 So. 446. The Supreme Court, on certiorari to the Court of Appeals, will not review findings of facts, or application of facts to the law. Ex parte Comm. L. I. Co., 204 Ala. 560, 86 So. 522.

GARDNER, J. Hubert Lane recovered a judgment against Wells Company, a corporation, in an action for malicious prosecution, charging that the defendant did "wrongfully, maliciously, and without probable cause therefor cause a garnishment to be run out of the municipal court of Birmingham, and to be served upon plaintiff's employer, the American Cast Iron Pipe Company." This judgment was affirmed by the Court of Appeals, and this petition for certiorari by the Wells Company is filed to review the ruling of said court affirming this judgment.

[1] It appears that suit by Wells Company against Hubert Lane to recover $10 was filed in said municipal court August 21, 1925, and garnishment issued to the American Cast Iron Pipe Company, returnable September 11, 1925. On this latter date judgment was rendered for the plaintiff, Wells Company, for $10, the full amount sued for, and the money as disclosed owing to defendant by the garnishee condemned to the satisfaction thereof, and a few days' thereafter the amount of the judgment and costs were paid into court by counsel for defendant, Lane. The question of indebtedness was therefore not only admitted, but conclusively settled, by the judgment rendered. 38 C. J. 419; Jones v. Kirksey, 10 Ala. 839; Marshall v. Betner, 17 Ala. 832.

[2] One of the principal links of plaintiff's chain of evidence in the instant case was the letter bearing date of July 20, 1925, addressed to Wells Company, and signed by counsel for Lane, which reads as follows:

"Inclosed you will find check for $2.98, given to me by Hubert Lane to be paid you. He claims that is all that he owes you, and says that, if he owes you any more, and you can establish it in court, he is ready, able, and willing to pay it."

The Court of Appeals holds this letter was properly admitted in evidence upon the theory it had a tendency to show no necessity existed for the issuance of the garnishment. To this holding we cannot give our assent. The issuance of the garnishment in aid of the pending suit was expressly authorized by statute. Sections 8052–8054, Code of 1923. That it was issued upon affidavit and bond, as required by statute, was not questioned. The mere fact that nearly 30 days previous to the institution of the suit either plaintiff or counsel for him, had stated that, if judgment was recovered, he would be ready, able, and willing to pay it, tends to prove nothing of material importance in this action. The creditor was under no obligation to abandon his legal remedies upon a bare statement of that character, wholly unenforceable.

In the discussion of the case the Court of Appeals cites Dishman v. Griffis, 198 Ala. 664, 73 So. 966, and Pounds v. Hamner, 57 Ala. 342. Section 6214 of the Code of 1923, providing for suit upon attachment bonds, applies to bonds executed in garnishment proceedings (section 8054, Code of 1923), and the above-noted authorities dealt with suits upon such bonds as provided by statute, containing the condition to pay defendant "all such damages as he may sustain from the wrongful or vexatious suing out of such garnishment."

The present action is one of malicious prosecution and governed by different principles of law, as pointed out in Brown v. Master, 104 Ala. 451, 16 So. 443. In this latter authority the court said:

"But in the action of malicious prosecution against the plaintiff in attachment, the attachment must be wrongful, and must have been sued out with malice and without probable cause. If not wrongful, i. e., if the facts justify and authorize its issuance, if a statutory ground exists, no recovery can be had, though the defendant was actuated purely by malice in suing out the writ. If wrongful, but not malicious, no recovery can be had. If wrongful and malicious, but with probable cause, the action will fail. And if wrongful and without probable cause, and also without malice, no action can be maintained."

See, also, note to Ames v. Chirurg, 38 L. R. A. (N. S.) 120, and McCarty v. Williams, 212 Ala. 232, 102 So. 133; Goldstein v. Nobles, 198 Ala. 430, 73 So. 822. The letter here in question did not tend to show any wrongful issuance or lack of legal necessity therefor, or want of probable cause, but merely a statement or promise without any binding force or effect, and upon which the creditor was under no legal obligation to rely. We are, therefore, of the opinion that the Court of Appeals erred in holding the letter admissible.

It may be added, we think, with due propriety, that if, as seems to be insisted, the substance of this letter or verbal assurance of

like import, constitutes, in fact the foundation of this cause of action, plaintiff should not prevail in the prosecution of this suit.

[3] As the matter is mentioned in the opinion and briefs of counsel, we may be excused for taking this occasion to correct what appears to be a misconception as to the rule here stated concerning a consideration of assignments of error argued in bulk. In Bush v. Bumgardner, 212 Ala. 456, 102 So. 629, we called attention to the fact that a vast majority of the assignments of error (157 in number) were treated in bulk, as if presenting a single question, though, in fact, the questions were varied and wholly unrelated. Under these circumstances, the rule was stated to be, if any one of the assignments was without merit, a consideration of the others would be pretermitted. Such is the holding in that case and the effect of the holding of the authorities therein cited. It was not intended that the rule as to assignments of error in bulk (Malone v. Reynolds, 213 Ala. 681, 105 So. 891) be applied to treatment of assignments in brief. It frequently occurs that a number of assignments of error are so related as may well be argued together in brief, and such method of treatment under such circumstances is entirely proper. Nothing to the contrary was held or intended in the above-cited cases. The rule, as therein stated, is one established for practical purposes, and to facilitate the work of the court, and is applicable where a number of assignments present different questions, wholly unrelated, and are argued in bulk in brief as presenting a single question.

We have thought it appropriate to make these observations in view of what appears to be some misconception of the holding in these authorities.

Upon the merits of the cause we are of the opinion the writ of certiorari should be here awarded, and the judgment of the Court of Appeals reversed, and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

Writ awarded; reversed and remanded.

All the Justices concur.