156 So. 854

## ALABAMA POWER CO. v. COOPER.
### 6 Div. 585.

Supreme Court of Alabama.
Oct. 11, 1934.

Arthur Fite, of Jasper, and Martin, Turner & McWhorter, of Birmingham, for appellant.

Davis & Curtis, of Jasper, for appellee.

**BOULDIN, Justice.**

Action for personal injuries from electric shock and burns.

The pertinent facts determinative of the sole question presented on this appeal are briefly these:

Cane Creek Coal Company was operating a coal mine; owned and rented to its employees certain residences near the mines. The Alabama Power Company furnished the coal company electric energy to operate the mine and light the residences in this mining village. This electric current, 2,300 volts, was released at the substation of Alabama Power Company about a mile from this village, and conveyed over the wire of the coal company to its transformers, located near the mine. Here the current was stepped down by multiple transformers, one portion going to the mine to operate machinery, and another, 110 volts, carried on wires to light the residences of employees. Mr. L. W. Cooper and Mrs. Cooper, the appellee, lived in one of these residences. The lighting wire, strung on poles at usual height, passed between their residence and that of Mr. Harper. The distance between the two houses at nearest point was some 30 feet. Mr. Cooper, undertaking to rearrange an outside aerial wire for his radio by connecting it with a wire above Mr. Harper's roof, went upon the roof of the Cooper house, which was higher than that of the Harper house, detached his aerial wire from a tree, and undertook to throw the loose end over onto the roof of the Harper house. It failed to reach its objective, and the loose end fell to the ground or street between the two houses. As a result, this wire caught and rested upon the light wire. Mr. Cooper picked up the wire from the ground, called to Mrs. Cooper, and handed it to her, while he went on the roof of the Harper house. At that moment Mrs. Cooper received a severe shock, screamed, and Mr. Cooper hastened to jerk the wire loose from her, became entangled in it himself, and was speedily killed by the electric force. Mrs. Cooper received injuries for which she sues.

The gravamen of the complaint was that, by reason of negligence in operating defective transformers, those of the coal company, and want of proper grounding, a high and dangerous voltage, much in excess of that required for lighting purposes, was upon the light wire at the time. Evidence tended to support this averment. It is further alleged, and likewise supported by the evidence, that the insulation on the light wire at this point was defective, leaving it entirely exposed at places; and further that the light wire had been broken, and tied together with exposed ends; that these conditions, open and visible, were known to defendant, or had existed for such time as charged it with knowledge. It appears probable the shock was due to Mrs. Cooper's change of position while holding the loose end of the wire, so that, unknown to her, the wire in her hands was moved onto an uninsulated portion of the light wire at their point of contact, and so charged with a dangerous current.

Appellant, as stated, presents but one question. This contention is that the negligence shown, if any, was not the proximate cause of the injury; that the injury resulted from an independent intervening efficient cause, not reasonably to be anticipated, to wit, the act of a third person, Mr. Cooper, in contacting another wire with the light wire and drawing the current from the light wire with deadly effects.

Upon careful consideration, we are of opinion the point is well taken, and so hold.

Principles recognized in our own cases, as well as the great weight of authority in other states, dealing often with facts analogous to the case before us, lead to this conclusion. Without reviewing these authorities at length, we cite the following: Golson v. W. F. Covington Mfg. Co., 205 Ala. 226, 87 So. 439; Sheffield Co. v. Morton, 161 Ala. 153, 47 So. 772; Alabama Power Co. v. McIntosh, 219 Ala. 546, 122 So. 677; Stark v. Muskegon Traction & Lighting Co., 141 Mich. 575, 104 N. W. 1100, 1 L. R. A. (N. S.) 825; Trout v. Philadelphia Electric Co., 236 Pa. 506, 84 A. 967, 42 L. R. A. (N. S.) 713; Green v. West Penn Railways Company, 246 Pa. 340, 92 A. 341, L. R. A.

1915C, 152; Kempf v. Spokane & Inland Empire Railroad Co., 82 Wash. 263, 144 P. 77, L. R. A. 1915C, 406, 407, 408; Brush Electric Light & Power Co. v. Lefevre, 93 Tex. 604, 57 S. W. 640, 49 L. R. A. 771, 77 Am. St. Rep. 898; Georgia Power Co. v. Wood, 43 Ga. App. 542, 159 S. E. 729; Curtis, Law of Electricity, §§ 437, 443.

Appellee relies upon the rule of concurrent negligence. This rule applies to a wide range of cases wherein the negligence of one concurs with that of another in creating or maintaining a condition of danger, and although the two act entirely independent of each other. Chambers v. Cox, 222 Ala. 1, 130 So. 416; Steenhuis v. Holland, 217 Ala. 105, 115 So. 2; Alabama Power Co. v. McIntosh, 219 Ala. 546, 122 So. 677.

In the McIntosh Case a distinction, applicable to the instant case, is expressed thus: "If installing this class of fixtures was not negligent or wanting in due care, it would not become so by the independent negligent act of another converting it into a zone of danger not to be foreseen and avoided." 219 Ala. 550, 122 So. 677, 680.

■ In Dwight Mfg. Co. v. Word, 200 Ala. 221, 224, 75 So. 979, this court quoted and approved the statement of the law by Mr. Curtis touching the duty of insulation, in these words: "'The duty of an electric company, in conveying a current of high potential, to exercise commensurate care under the circumstances, requires it to insulate its wires, and to use reasonable care to keep the same insulated, wherever it may reasonably be anticipated that persons, pursuing business or pleasure, may come in contact therewith. This statement of the rule implies that, in the absence of statute or municipal ordinance, it is not necessary to insulate wires which are so placed that no one could reasonably be expected to come in proximity to them.' Curtis on Law of Electricity, § 510." 200 Ala. 224, 75 So. 979, 982.

■ In the instant case there is no evidence that persons on the ground, nor indeed on either of the houses, were in any danger from this light wire by reason of current in excess of light requirements, nor because of the condition of the insulation. No case is presented of negligence endangering the occupants of the houses through their service wires, nor the proximity of other wires or trees, nor any other conditions, of such continued existence as to call for protective measures in the exercise of that high degree of care required of those employing this dangerous

agency. Defective insulation may be worse than no insulation in case a party having occasion to come in contact with the wire is thus led to rely on the safety of a supposed insulation. But here there is no evidence that any reliance was put on the insulation, if indeed one could rely on it in contacting the light wire with another outside wire. A purely accidental drawing of the current from the light wire by throwing the aerial wire over it immediately preceding the injury, an intervening independent act of a third person, not to be anticipated, created the condition of danger in the instant case, which must be held the proximate cause of the injury, and not a case of concurring negligence.

Defendant was due the affirmative charge as requested.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.