160 So. 346

## ALABAMA UTILITIES CO. v. CHAMPION.
### 4 Div. 763.

Supreme Court of Alabama.
Feb. 28, 1935.

Rehearing Denied April 11, 1935.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Powell, Albritton & Albritton and E. O. Baldwin, all of Andalusia, for appellee.

FOSTER, Justice.

This is an action at law for damages alleged to have been caused by the negligence of defendant's agents or servants in the line and scope of their employment, in that they negligently caused a certain mentioned wire to be heavily charged with electricity.

Both counts 1 and 3 show that plaintiff was at a place where he had a right to be; that is, not a trespasser on defendant's premises or property. When so, defendant owed to plaintiff the duty to exercise due care not to cause injury to him. An injury which is the proximate consequence of such failure is actionable.

The complaint in counts 1 and 3 shows therefore a duty by defendant not to injure plaintiff by the failure to use due care.

The proper interpretation of the counts 1 and 3, we think, is that the negligence consisted in the fact of causing the wire to be heavily charged with electricity, and not the manner in which it was done or maintained. They do not allege any other conduct as negligent, as for instance, the location or condition of the wire. The fact of charging the wire heavily with electricity may be, as alleged, negligent, or willful in fact, but it is not actionable for that reason unless defendant owed the plaintiff the duty not to do so. Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 So. 90; Tennessee C., I. & R. R. Co. v. Smith, 171 Ala. 251, 55 So. 170; Dwight Mfg. Co. v. Word, 200 Ala. 221, 75 So. 979; Sloss-Sheffield S. & I. Co. v. Bibb, 164 Ala. 62, 51 So. 345; 45 Corpus Juris 639, § 16. Or unless the duty was one which for some reason was available to plaintiff. 45 Corpus Juris 647, §§ 21, 22.

The court judicially knows that every uninsulated wire heavily charged with electricity is dangerous if one comes in contact with it. But an electric utility is under a legal duty to charge some of its wires heavily with electricity when properly insulated or located, and, when so, there is no duty owing a person not to do so. There can be no conflict of legal duty.

Defendant as such utility was under a legal duty either thus to charge the wire in question, or was under the legal duty to plaintiff not to do so. As a utility serving the public with electricity along its wires and all those properly connected to its system for that purpose, the mere act of so charging such wires is not on its face and taken alone a breach of duty to plaintiff, though plaintiff was where he had a right to be. There must be some other fact or circumstance which makes it so, otherwise no breach of duty is shown. So that though it is alleged to be negligent, such negligence does not show an actionable right in plaintiff. While negligence may be alleged in general terms, it is not sufficient unless there is shown a breach of duty. It is true that there was a duty not to cause injury by negligent conduct, but only so when it appears that his conduct was such that defendant owed to plaintiff the duty not to do it. Burnett v. Alabama Power Co., 199 Ala. 337, 338 (3), 74 So. 459.

And the complaint must aver facts which disclose such duty. Kilgore v. Birmingham Rwy. Lt. & Power Co., 200 Ala. 238, 75 So. 996. The complaint is not predicated upon the negligent manner of performing a duty or right, but negligence in that the act was done, without showing a duty not to do it.

The chief question which the court was dealing with in Birmingham Ry. Light & Power Co. v. Cockrum, 179 Ala. 372, 60 So. 304, was whether the complaint showed that plaintiff was so situated as that defendant owed him the duty of due care. It was held that since plaintiff was not upon defendant's property she was entitled to protection against injury due to the simple negligence of defendant. The court did not treat the sufficiency of the count as showing negligent conduct. Moreover, that case was dealing with a street railway company, not an electric utility engaged in furnishing electricity to the public. There was no presumption that the line charged with electricity was one which the railway company was due to thus charge in

order to carry on its business; nor does it appear that any ground of demurrer challenged the sufficiency of the complaint in this respect.

But in count 1, it is alleged that plaintiff came in contact with a wire heavily charged with electricity distributed by defendant. The implication there is that the electricity so distributed was on a wire needed for that purpose.

Count 3 alleges that plaintiff came in contact with a wire which was connected with defendant's transmission line, which was heavily charged with electricity. Again the implication is that such wire was so connected and charged as an incident to the service of electricity as was its duty, and necessary in the proper conduct of its business.

■ On demurrer to the complaint all the reasonable implications are against the plaintiff. The demurrer is predicated on that contention, on grounds 5, 16A, 17, 18, 23, 24, and 25.

■ Plaintiff's cause of action to be sustained must be based upon the principle well settled that if defendant willfully or negligently, and without legal right, creates or participates in creating or maintaining a condition which is dangerous under such circumstances as may be reasonably anticipated will occur in connection with it, and another, not also at fault as respects his relations to defendant, is injured as the proximate result of those foreseeable circumstances which did occur, the injury is actionable. Southern Bell Tel. & Tel. Co. v. McTyer, 137 Ala. 601, 34 So. 1020, 97 Am. St. Rep. 62; Ala. Power Co. v. Curry, 228 Ala. 444, 153 So. 634.

If those occurrences are not reasonably foreseeable, no such action exists. Ala. Power Co. v. Cooper, 229 Ala. 318, 156 So. 854.

But not only the evidence but the complaint must show the existence of the duty in that connection, and not leave it to inferences which are taken adversely to plaintiff, on a demurrer directed to the omission.

■ It is not shown in an allegation of negligence in charging a wire with electricity unless it shows a duty not to do so. There is no right of action in doing a lawful act, unless it is done in such a negligent or improper manner that such negligence, or other wrongful conduct in doing it, causes the injury, rather than the lawful act. The com-

plaint is not sufficient merely to aver that a lawful act was negligently done without also averring in general terms the nature of the negligence. Burnett v. Ala. Power Co., supra.

In Montgomery Light & Water Power Co. v. Thombs, 204 Ala. 678, 87 So. 205, the negligence consisted in causing a telephone wire, not a part of defendant's operations, to be charged with electricity, and the facts alleged in the complaint showed that it was no part of defendant's duty to do so. Its duty to plaintiff not thus to charge the wire clearly appeared.

■ While the evidence may be sufficient to submit to the jury an issue, if properly made, whether defendant owed plaintiff the duty not thus to charge' the wire with electricity, it was not clearly submitted to them by the court in his charge. But he reiterated the complaint and its averments, and stated that proof of them was sufficient to justify a verdict for plaintiff, without explaining the gravamen of the right of action disclosed by the evidence. It is not clear from that charge that the jury was fully informed of the elements of such right of action as plaintiff contends. It is only when this is so, and it is accompanied with the circumstance that the parties tried the issue as though the complaint were sufficient, that we may hold that there was no injury to defendant, though the complaint states a cause of action, when it is subject to demurrer in material respects, interposed, and improperly overruled. Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929; So. Ry. Co. v. Dickson, 211 Ala. 481, 100 So. 665; Fed. Auto Ins. Co. v. Meyers, 218 Ala. 520, 119 So. 230, 232; B'ham. Water Works Co. v. Barksdale, 227 Ala. 354, 150 So. 139, and authorities there cited.

We think we have sufficiently expressed our views both as to the character of complaint necessary and as to the essence of the action for them to be easily reflected on another trial.

It is not necessary, in our judgment, to pass upon all the assignments of error, nor discuss further the merits of the action.

The judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.