10 So.2d 757

**LITTLETON v. ALABAMA. POWER CO.**

5 Div. 369.

Supreme Court of Alabama.

Dec. 3, 1942.

Mullins & Deramus and Manuel Levine, all of Birmingham, for appellant.

Gerald & Gerald, of Clanton, and Martin, Turner & McWhorter, of Birmingham, for appellee.

FOSTER, Justice.

The question here presented is the sufficiency of counts 1, A, B, C and D, on the demurrer assigned.

Count 1 alleges that an uninsulated wire line on premises not belonging to defendant was "maintained by defendant in close proximity to where children of tender years frequented in large numbers, and in a thickly populated residential community, and in close proximity to a public playground for children," known to defendant, and that the injured child, seven years of age, was flying a kite by means of a string or otherwise, and that the string or kite came into contact with said uninsulated power line, proximately injuring her.

Count A has substantially the same allegations, except that the kite string was said to be wire or metal.

Counts B, C and D have substantially the same allegations as count A, except that the wire line was said to be to-wit twenty-five feet above the ground.

The sufficiency of those counts is to be tested for the purposes of this appeal by well settled principles which we will state. Where the act and the injury are not known by common experience to be naturally and reasonably in sequence and the injury does not in the ordinary course of events and under the circumstances follow from the act, they have been held not sufficiently connected to make the act the proximate cause. Louisville & Nashville R. Co. v. Maddox, 236 Ala. 594, 183 So. 849, 118 A.L.R. 1318, (citing many earlier cases). Some other cases are Heffelfinger v. Lane, 239 Ala. 659, 196 So. 720; Dwight Mfg. Co. v. Word, 200 Ala. 221, 75 So. 979; Alabama Power Co. v. Curry, 228 Ala. 444, 153 So. 634; Alabama Utilities Co. v. Champion, 230 Ala. 263, 160 So. 346.

An electric company has the duty to insulate its wires and to use reasonable care to keep them insulated whenever it may be reasonably anticipated that persons may come in contact with them, but it is not necessary to insulate wires so placed that no one could reasonably be expected to come in dangerous proximity to them. Alabama Power Co. v. Cooper, 229 Ala. 318, 156 So. 854; Sheffield Co. v. Morton, 161 Ala. 153, 49 So. 772; Golson v. W. F. Covington Mfg. Co., 205 Ala. 226, 87 So. 439; McClusky v. Duncan, 216 Ala. 388, 113 So. 250.

The act of maintaining an uninsulated highly charged electric wire across a playground where children are known to be in the habit of playing, but out of their

reach as they customarily play, with no dangerous enticement, is not a breach of duty owing to a child there playing who, contrary to custom, is flying a kite which causes a contact with the wire line, since under the circumstances the one so maintaining the wire line need not anticipate such an event as likely to occur. Watral's Adm'r v. Appalachian Power Co., 273 Ky. 25, 115 S.W.2d 372; Kedziora v. Washington Water Power Co., 193 Wash. 51, 74 P.2d 898; Dilley v. Iowa Public Service Co., 210 Iowa 1332, 227 N.W. 173; see, also, Kelley v. Texas Utilities Co., Tex. Civ.App., 115 S.W.2d 1233; Stark v. Muskegon Traction & Lighting Co., 141 Mich. 575, 104 N.W. 1100, 1 L.RA.,N.S., 822.

There is no occasion here to consider the attractive nuisance theory (15 Alabama Digest, Negligence, ☞23(1), also Pocket Part) as where a post or a tree is enticing to a child to climb, and when so it is dangerous by reason of a defective or an uninsulated wire or other dangerous condition.

■ The question is not alone one of proximate causation, but also of whether there is a breach of duty to this injured child. There is not shown any breach of duty by merely charging that a wire line extended across a playground with a high voltage of electricity though the wires may be uninsulated, unless it is done under such stated circumstances as to be dangerous when the playground is used in such a way and manner as may be anticipated under those circumstances. And the complaint must aver facts which disclose that duty. Alabama Utilities Co. v. Champion, supra; Kilgore v. Birmingham Ry. Lt. & Power Co., 200 Ala. 238(3), 75 So. 996.

■ An allegation that the injury was the proximate consequence of certain alleged conditions is not sufficient if those conditions do not show a breach of duty to the injured party.

■ As we have said, counts B, C and D allege that the wire line was, to-wit, twenty-five feet above the ground. Counts 1 and A allege that it was in close proximity to the playground, without estimating the distance. None of them allege that as located it was dangerous to children playing as they customarily did on the playground. The pleader's idea of closeness is illustrated in counts B, C and D, by alleging a height of twenty-five feet. With the presumptions indulged against the pleader, the court will assume that the wire line was no nearer the ground than twenty-five feet. Since there is no allegation in any of the counts that it was dangerous to children there playing it cannot be so interpreted on demurrer unless those details make it dangerous as the only reasonable inference to be drawn from them.

We do not hesitate to say that such is not the only reasonable inference, in the absence of an allegation that they were in the habit of flying kites from the playground described, and that defendant had notice of that fact or was negligent in not knowing it. It is perfectly consistent with the complaint to assume that the occasion in question was the only one when a kite was flown from that playground.

It certainly is not per se a negligent act to use a high voltage electric uninsulated wire line twenty-five feet from the ground unless there is some additional circumstance to make it dangerous to persons using the ground in the customary way.

Moreover, if it were customary to fly kites from the lot by children of tender years, could it be anticipated that it would be done by using a metal string or copper wire, unless that also be known to defendant. All the counts allege the use of such appliance by this injured party, except count 1 alleges that it was by a "string or otherwise." With the presumptions against plaintiff, count 1 should be so construed as that it also alleged that a high conduction wire such as copper was used as is alleged in all the other counts. But it does not appear that there was a custom to fly kites at all from that playground.

Appellant cites Znidersich v. Minnesota Utilities Co., 155 Minn. 293, 193 N.W. 449, and Johns v. Fort Worth Power & Light Co., Tex.Civ.App., 30 S.W.2d 549. In both cases a kite was flown and lodged on a wire line. A boy climbed the pole on which the wires were attached, and was injured in contact with an uninsulated charged electric wire. The pole had attachments for climbing, said to have the effect of a ladder and to be peculiarly attractive to boys. Both cases were based on the feature of its enticement to a boy to climb the pole on account of its location and the attachments on it for climbing. They are not authority here.

It is also immaterial that the wire line was not on defendant's property, since it is not alleged that it was on property where defendant had no right to maintain it.

495

There were apt grounds of demurrer to present the questions we have discussed.

The judgment of the court sustaining the demurrer was without error.

Affirmed.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.