21 So.2d 305

## MOSELEY v. ALABAMA POWER CO.

### 7 Div. 779.

Supreme Court of Alabama.

March 1, 1945.

A. E. Hawkins and C. J. Scott, both of Fort Payne, for appellant.

C. A. Wolfes, of Fort Payne, and Martin, Turner & McWhorter, of Birmingham, for appellee.

GARDNER, Chief Justice.

Plaintiff seeks punitive damages for the death of his minor daughter, Ida Lee Moseley, eight years of age, who came in contact with a heavily charged electric wire. Sec. 119, Title 7, Code 1940. The original defendants were P. G. and Irby Guest, upon whose premises the wire was maintained, and the Alabama Power Company, a corporation, that furnished and supplied the owners with the electricity. Upon demurrer being sustained to counts 1, 2, A, and B, plaintiff filed count C, which was held good against the demurrer interposed thereto, and upon which the cause proceeded to trial. In the progress of the trial plaintiff struck from the complaint the individuals, P. G. and Irby Guest, and at the conclusion of the evidence the court gave for the defendant Alabama Power Company the affirmative charge in its behalf, as duly requested. From a judgment for the defendant, the plaintiff prosecutes this appeal on the record proper, and assigns as error the ruling of the court in sustaining demurrers to counts 1, 2, A, and B.

These assignments of error are argued in bulk. The long-recognized rule has been that under such circumstances,

when any one assignment is not well taken, then no reversible error is made to appear: City of Montgomery v. Moon, 208 Ala. 472, 94 So. 337; Wells Co. v. Lane, 217 Ala. 10, 115 So. 77; Bush v. Bumgardner, 212 Ala. 456, 102 So. 629; Sovereign Camp, W. O. W. v. Davis, 242 Ala. 235, 5 So.2d 480.

■ But it is likewise well established that several assignments of error raising kindred questions may be presented under the same argument. And in the Wells Company case, supra, this Court took occasion to correct an evident misapprehension of the ruling in this regard, saying [217 Ala. 10, 115 So. 78]: "It frequently occurs that a number of assignments of error are so related as may well be argued together in brief, and such method of treatment under such circumstances is entirely proper."

■ But we think it clear enough these assignments of error are not so related as may be argued together in brief. Counts 1 and 2 are practically the same, except that language is interposed in count 2 so as to attempt a statement of a wanton count, while count 1 is for simple negligence. But the salient facts of these two counts are practically identical. They are to the effect that P. G. and Irby Guest were the owners of a pasture in the village of Geraldine, Alabama, around which was a wire fastened to posts 24 to 30 inches above the ground and extending a distance of 1,000 feet or more around such pasture lot, said wire being charged with a high and dangerous voltage of electricity. The defendant, Alabama Power Company, a public utility corporation, engaged in operating an electric distributing system in DeKalb County, furnishing and supplying its customers with electricity for domestic and mechanical purposes for a reward, supplied the high voltage electric current to the individual defendants, its customers. It was with this wire so heavily charged with electricity that the plaintiff's minor child came in contact and was instantly killed.

The only facts upon which counts 1 and 2 seek to rest a charge of negligence are, that this pasture lot in the village of Geraldine, Alabama, was surrounded by public roads, pathways, homes, and Geraldine High School. Upon demurrer being sustained to these counts, the plaintiff added counts A and B, and as for negligence in those counts attempted to set up a state of facts concerning the use of the property by others to such an extent as to charge the owners and the public utility with a knowledge that children were accustomed to play on the lots, all in connection with the dangerous character of electricity. This theory of liability rested upon the matter of reasonable anticipation on the part of the owners and the utility of the presence of children on the property and the dangers attendant thereto. These theories of liability are found treated in 18 Am.Jur. p. 463; 38 Am.Jur. p. 779; 45 C.J. p. 748; 14 A.L.R. p. 1038; Curtis on Law of Electricity, § 510; Robbins v. Athol Gas & Electric Co., 236 Mass. 387, 128 N.E. 417; Romana v. Boston Elev. R. Co., 226 Mass. 532, 116 N.E. 218; Davis v. Boston & M. R. R., 70 N.H. 519, 49 A. 108; 17 A.L.R. p. 853 et seq.; and discussed to some extent in Alabama Power Co. v. Cooper, 229 Ala. 318, 156 So. 854; and Littleton v. Alabama Power Co., 243 Ala. 492, 10 So.2d 757, cited in Sullivan v. Alabama Power Co., ante, p. 262, 20 So.2d 224.

In counts 1 and 2 is found no intimation of any such use of property or any such theory of liability. We are fully persuaded, therefore, that counts A and B are by no means so related to counts 1 and 2 as to justify the assignments of error based upon the rulings of the court thereon being argued in bulk.

■ We are impressed, however, from a review of the record, that plaintiff has suffered no injury by reason of the application of this rule in the instant case, for the reason that, upon the ruling of the court sustaining demurrer to counts A and B, plaintiff interposed count C, which merely emphasized and elaborated somewhat upon the use of the property by others, which count was held sufficient, and upon which the cause proceeded to trial. And we find, from a careful reading of brief of counsel for plaintiff, the argument appears to be directed solely to counts 1 and 2, all of which leaves the impression, as the appeal here is upon the record proper and without evidence, that the difficulty of the plaintiff was the failure to make proof of the necessary averments in regard to the use of the property.

■■ Coming, therefore, to a consideration of counts 1 and 2, we are of the opinion the court committed no error in sustaining demurrer thereto. In considering these counts we must, of course, observe the well established rule that they are to be

construed most strongly against the pleader.

■ It must be borne in mind that under our authorities, which are in accord with the decided weight of authority elsewhere (38 Am.Jur. p. 779), a child may be a trespasser just as well as an adult. Ford v. Planters' Chemical & Oil Co., 220 Ala. 669, 126 So. 866; Luallen v. Woodstock Iron & Steel Corp., 236 Ala. 621, 184 So. 182.

■ It may be observed, also, that counsel for plaintiff make no insistence that recovery could be rested in this case upon the doctrine of the so-called "turntable" or "attractive nuisance" cases. The above-noted authorities, in connection with Cobb v. Lowe Mfg. Co., 227 Ala. 456, 150 So. 687; Littleton v. Alabama Power Co., 243 Ala. 492, 10 So.2d 757, and numerous cases therein cited, clearly demonstrate that these counts can be rested upon no such theory. See also many cases in note, 36 A.L.R. p. 181 et seq.; Alabama Utilities v. Champion, 230 Ala. 263, 160 So. 346; Cox v. Alabama Water Co., 216 Ala. 35, 112 So. 352, 355, 53 A.L.R. 1336. The complaint, therefore, must be construed as disclosing that the plaintiff's child was a trespasser upon the property of the individual defendants to this suit.

■ And it is well understood that in cases of this character, as a prerequisite to recovery, facts must be averred which disclose a duty owed by the defendant to the injured party and a breach of such duty. Or, as otherwise stated in Cox v. Alabama Water Co., supra: "Actionable negligence is the neglect of a legal duty." Where plaintiff's child was at the time she came in contact with the wire, and the exact location of the wire itself, are not disclosed. For aught appearing, the wire was placed around the pasture in the usual and customary manner, to serve the purpose for which it was intended. It was there for the individual use of the owners of the property, who, so far as appears from these counts, had no reason to anticipate the use of the property by a trespasser. The counts allege, that this pasture was surrounded by public roads, pathways, homes, and Geraldine High School. At what distance, the counts fail to allege. These public roads, pathways, homes, and the high school, so far as appearing from the averments in these counts, were at an entirely safe distance from this pasture and the wire surrounding it.

■ There is no insistence of any right of recovery upon the theory that the owners of the premises had placed a "trap" or "pitfall" where a person who is a trespasser is injured. That doctrine is rested upon the theory that the owner is expecting a trespasser. 38 Am.Jur. p. 776. Or, as expressed in United Zinc Co. v. Britt, 258 U.S. 268, 42 S.Ct. 299, 66 L.Ed. 615, 36 A.L.R. 28, quoted in Cox v. Alabama Water Co., supra, that the owner "has expected the trespasser and prepared an injury that is no more justified than if he had held the gun and fired it."

We have carefully examined the cases noted by counsel for plaintiff. Alabama City, G. & A. R. Co. v. Appleton, 171 Ala. 324, 54 So. 638, Ann.Cas.1913A, 1181; Montgomery Light & Water Power Co. v. Thombs, 204 Ala. 678, 87 So. 205; Dwight Mfg. Co. v. Word, 200 Ala. 221, 75 So. 979; Birmingham Ry., Light & Power Co. v. Jackson, 198 Ala. 378, 73 So. 627; and Birmingham Ry., Light & Power Co. v. Cockrum, 179 Ala. 372, 60 So. 304. To discuss them here separately would serve no useful purpose. A casual examination, however, readily discloses distinguishing features. In each of the cases noted, the complaint disclosed a duty owed to the plaintiff. Illustrative, are Dwight Mfg. Co. v. Word and Birmingham Ry., Light & Power Co. v. Jackson, where the electric wires complained of were maintained in public streets and where the injuries were received, a place, of course, where the plaintiff had a right to be.

And in some of the other cases (Alabama City, G. & A. R. Co. v. Appleton; Montgomery Light & Water Power Co. v. Thombs) the injuries were received in buildings on the premises where the injured party also clearly had a right to be. None of the authorities cited can be held to be analogous here.

The proper construction of these counts shows plaintiff's child was at a place she had no right to be—in the eyes of the law a trespasser—and no sufficient facts are alleged to disclose any duty owed by defendants to a trespasser. There is shown, therefore, no neglect of a legal duty. These defects were pointed out by the demurrer interposed.

What we have said suffices to show our conclusion that the trial court committed no error in sustaining demurrers to counts 1 and 2. It results, therefore, that the

420

judgment is due to be affirmed. It is so ordered.

Affirmed.

BROWN, LIVINGSTON, and SIMPSON, JJ., concur.